UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                            Crim. No. 05-206 (PAM/RLE)

                              Plaintiff,
v.                                                                   **MEMORANDUM AND ORDER**

Scott Kimrey Goldsmith,

                              Defendant.

On Thursday, October 27, 2005, the Court accepted Defendant Scott Kimrey Goldsmith's change of plea from not guilty on all counts to a plea of nolo contendere on all counts. The Government opposed Defendant's request. Pursuant to Federal Rule of Criminal Procedure 11(b), the Court considered the views of the parties and the interest of the public, and granted consent for the nolo contendere plea.

As the Court noted at the plea hearing, a plea of nolo contendere in this case is appropriate. "A plea of nolo contendere is 'an admission of every essential element of the offense pleaded in the charge, and is tantamount to an admission of guilt.'" United States v. Agboola, 241 F. Supp. 2d 1025, 1026 (D. Minn. 2003) (Tunheim, J.) (quoting 1A Charles Alan Wright, Federal Practice & Procedure § 177 (3d ed. 1999)). Defendant acknowledged that the Government has sufficient evidence that would satisfy a finder of fact as to his guilt, and the Court concluded that the Government's offer of proof would satisfy a fact finder as to his guilt on all counts of the Indictment.

The Court finds that a nolo contendere plea serves the public interest. The deterrent effect on Defendant and those contemplating like crimes is not circumvented, as Defendant's

sentence will likely be greater than if he had plead guilty. Indeed, a nolo contendere plea precludes a downward departure for acceptance of responsibility. See id. And, this plea does not preclude the Government from pursuing civil liability against Defendant. Moreover, Defendant's agreement to plead nolo contendere on all sixteen counts of the Indictment obviates any possibility that he would receive a lesser sentence attributable to acquittal or plea agreement. Additionally, the Court finds that the public interest is further is served because the Court, the parties, and the public need not waste valuable time and resources enduring a lengthy and complicated trial.

Accordingly, consistent with the statements made at the plea hearing, the Court has carefully evaluated the positions of the parties and the public interest, and finds that the effective administration of justice is best served by accepting Defendant's nolo contendere pleas to all sixteen counts of the Indictment.

Dated: _October 28, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge